## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF NEW YORK
### CHAMBERS OF THE BANKRUPTCY JUDGE

**HON. STEPHEN D. GERLING**  
**CHIEF U.S. BANKRUPTCY JUDGE**

**220 U.S. COURTHOUSE**  
**UTICA, NEW YORK 13501**  
**(315) 793-8111**  
**FAX: 793-8792**

Mark A. Wolber, Esq.
Attorney for Debtor
239 Genesee Street
Suite 307
Utica, New York 13501

Maxsen D. Champion, Esq.
Staff Attorney for Chapter 13 Trustee
250 South Clinton Street
Suite 203
Syracuse, NY 13202

Marc D. Hess, Esq.
Steven J. Baum, P.C.
Attorneys for Wells Fargo Bank, N.A.
220 Northpointe Parkway, Suite G
Amherst, New York 14228

Patrick G. Radel, Esq.
Getnick Livingston, Atkinson, Gigliotti, & Priore LLP
Of Counsel to Attorneys for Wells Fargo Bank, N.A.
258 Genesee Street
Utica, NY 13502

RE: Richard J. and Jean M. Matusiak
    Chapter 13 Case No. 06-62714

### **LETTER DECISION AND ORDER**

The Court considers herein the Debtors' request for an award of attorneys' fees in connection with their defense of a motion for relief from the stay filed by Wells Fargo Bank on February 28, 2008, in their pending bankruptcy case, which was filed on October 27, 2006 pursuant to Chapter

2

13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532)("Code").  The motion filed by Wells Fargo Bank which also sought $450 in attorneys' fees, was scheduled to first appear on a motion calendar of this Court on March 25, 2008, but was consensually adjourned to April 29, 2008. After some brief argument on April 29, 2008, the motion was again adjourned to June 24, 2008, on consent of the parties.  On June 24th,  after the subject matter of the motion was resolved, the Debtors asked that the Court deny any attorneys' fees requested by Wells Fargo Bank and award the Debtors reasonable attorneys' fees.  Debtors allege that the instant motion is the third unsuccessful motion for stay relief filed by Wells Fargo Bank in this case.

The first stay relief motion was filed in January 2007, wherein Wells Fargo Bank alleged that the Debtors were several months delinquent on their post petition mortgage payments. The Debtors disputed this but agreed to re-issue a check for the full amount of the delinquency. Some eight months later, Wells Fargo Bank attempted to deposit the very checks it had alleged had not been received.  The second motion was returnable on October 23, 2007, and again alleged the Debtors' payments were delinquent.  Despite Debtors' contention that they had not missed any payments, they agreed to issue a replacement check.  In the instant motion, Wells Fargo Bank alleged that the Debtors' January and February 2008 payments were delinquent; however, the Debtors have established that the checks for both months were issued and cashed by Wells Fargo Bank.[1] Debtors now ask the Court to award them attorneys' fees.

Wells Fargo Bank has not filed any written response disputing Debtors' assertions with

---

[1] Attached to the Debtors' Affidavit in Opposition to the instant motion are photocopies of two checks both payable to Wells Fargo Bank each in the amount of $784.42. The first check is dated 1/15/08 and appears to have been negotiated by Wells Fargo Bank on 1/24/08. The second check is in the same amount as the first and is dated 2/16/08 and appears to have been negotiated on 3/7/08.

3

regard to the three lift stay motions. It does, however, contend that there is no basis in law for the Court to award attorneys' fees to the Debtors. At the conclusion of the argument on June 24, 2008, the Court indicated that it would retain the motion solely on the issue of an award of attorneys' fees.

Under the so-called "American Rule" which prevails in Federal courts, each party to a litigation generally pays its own attorneys' fees. There are a number of exceptions to this rule. Of particular significance to the matter at hand is the exception that applies where one of the litigants has acted in bad faith. *See In re Sacco*, 233 B.R.705 (Bankr. E.D.Tex. 1999). "Bankruptcy courts have an inherent power to award sanctions for bad faith in bankruptcy court." *Id*. at 708, citing *Matter of Case*, 937 F.2d 1014(5th Cir.1991) (finding the principles in *Chambers v. NASCO, Inc.*, 111 S.Ct. 2123, 2132(1991), in which the Supreme Court recognized the district courts' inherent power to assess sanctions "to manage their affairs and govern their affairs so as to achieve the orderly and expeditious disposition of cases," applicable to bankruptcy courts).

In order to award a sanction in the form of attorneys' fees, this Court must find that fees awarded (1) were caused by the bad faith actions of the creditor, and (2) were objectively reasonable. *Sacco*, 233 B.R. at 708, citing *In re Carruth*, 161 B.R. 170 (W.D. La.1993).

Applying these principles to the facts of the contested matter at hand, the Court is somewhat constrained by the lack of actual facts. Essentially, all it has is the Affidavit in Opposition of the Debtors, which, while providing a general outline of their opposition, is not laden with facts. Consequently, the Court has turned to the case docket. It appears that Wells Fargo Bank first entered this case by filing an Objection to the Debtors' Chapter 13 plan on November 22, 2006, disputing the amount of mortgage arrears set out in the Plan. That Objection was mooted when the Debtors filed an Amended Plan on December 11, 2006, fixing the arrears reflected in Wells Fargo Bank's Proof

4

of Claim. Next on January 7, 2007, as the Debtors have alleged, Wells Fargo Bank filed a motion for stay relief regarding the Debtors' principal residence at 56 Young Avenue, New York Mills, New York. That motion asserted that the Debtors had failed to make their mortgage payments for November and December 2006, as well as January 2007. On January 19, 2007, the Debtors responded to the motion alleging that they had made both their November and December payments on or about November 29, 2006, following the first meeting of creditors. They further indicated that they had not yet mailed out the January payment because the November/December check was still outstanding. The case docket indicates that a hearing on the motion was initially scheduled for January 30, 2007, but was adjourned to February 27, 2007. On the latter date the motion was consensually marked off the Court's calendar.

On October 9, 2007, Wells Fargo Bank filed its second stay relief motion, this time alleging that Debtors had failed to make their July through October 2007 mortgage payments. On October 15, 2007, the Debtors responded to the motion, alleging that they made a payment every month during the period July through October 2007 but acknowledged that none of the checks had cleared their bank account. They noted that this situation was very similar to the events that had occurred when Wells Fargo Bank had first moved for stay relief in January of 2007 alleging that the Debtors had failed to make three months of payments. At that time, while the Debtors had provided Wells Fargo Bank with a check covering the November and December 2006 payments, it had not been cashed, and the Debtors were required to provide a replacement check. Notwithstanding the replacement check, Wells Fargo Bank, in August 2007, attempted to negotiate the original check delivered to Wells Fargo Bank on or about November 29, 2006. The latter check was not honored by the Debtors' bank.

5

The second stay relief motion was scheduled to appear on the Court's October 23, 2007 motion calendar. On that date, the motion was consensually adjourned to November 27, 2007, then to December 18, 2007, January 29, 2008 and finally to February 26, 2008, at which point the motion was withdrawn without explanation.[2] Undaunted, Wells Fargo Bank, less than a week later, on February 28, 2008, filed the instant motion.

The thrust of the Debtors' "bad faith" assertion is that on three separate occasions within a thirteen month period, Wells Fargo Bank has filed a stay relief motion based upon the Debtors' alleged nonpayment and on three separate occasions, Debtors have proven the motions to be groundless. They assert that they are both disabled and do not wish to lose their home. Conversely, Wells Fargo Bank has not offered any explanation, at least by way of affidavit or affirmation, for its persistent pursuit of the Debtors.[3]

While the Court understands that large institutional creditors such as Wells Fargo Bank administer literally thousands of mortgage loans and do on occasion make mistakes in crediting payments to the correct customer accounts, the instant situation seems to suggest a particular fixation with these Debtors. In the almost three years since the Debtors filed this case, they have had to defend an objection to the confirmation of their Plan and three stay relief motions filed by Wells Fargo Bank, yet the record does not indicate any blatant disregard by the Debtors of their obligation to make their post petition mortgage payments. Each of the prior two stay relief motions

---

[2] Actually the second motion was withdrawn by Wells Fargo Bank pursuant to a notice electronically filed on January 31, 2008

[3] At the motion calendar held on June 24, 2008, the parties appeared to agree that the Debtors' June 2008 payment was delinquent, but that its receipt was imminent. That monthly payment was, of course, not implicated in any of Wells Fargo Bank's three lift stay motions.

6

have been marked off on consent or withdrawn.  No conditional orders have been entered.  So frustrated are the Debtors that they allege that they have resorted to mailing their payments to Wells Fargo Bank by certified mail, return receipt requested, at a considerable expense.

The issue before the Court is whether or not Wells Fargo Bank's conduct rises to the level of bad faith or is simply that of a creditor who apparently keeps bad records.  Because the Court's record is somewhat unclear, the Court will not impose an award of monetary sanctions in the form of attorneys' fees against Wells Fargo Bank; however, it does conclude that Wells Fargo Bank is not entitled to an award of its attorney's fees to be paid by the Debtors, notwithstanding that it may be oversecured.  Accordingly neither party shall recover attorneys' fees or costs against the other.

IT IS SO ORDERED.


Dated at Utica, New York

this 20th day of August, 2008

                                        /s/    Hon. Stephen D. Gerling
                                        STEPHEN D. GERLING
                                        Chief U.S. Bankruptcy Judge